# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| ELCINDA PERSON and ROBERT HOSSFELD, individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>LYFT, INC., and YODEL TECHNOLOGIES, LLC,<br><br>      Defendants. | Civil Action No. 1:19-cv-02914-TWT |

## DEFENDANT YODEL TECHNOLOGIES, LLC'S
## MEMORANDUM OF LAW IN SUPPORT OF
## <u>ITS MOTION TO STRIKE CLASS ALLEGATIONS</u>

# TABLE OF CONTENTS

Table of Contents .................................................................................. i

Table of Authorities ........................................................................... i

I. Introduction................................................................................1

II. Legal Standard............................................................................2

III. Argument ..................................................................................5

      A.     The proposed class definition is overly broad and fails the commonality requirement because it does not account for persons who consented to be called. .........................................................5

            1.     Class members lack commonality because mere receipt of a call resolves nothing on a class-wide basis. .....................................5

            2.     The Court should strike the putative class because it is facially overbroad. ...............................................................8

      B.     The proposed class is unascertainable because it vaguely refers to "similar" equipment without definition. ............................................10

      C.     Plaintiffs and their counsel are inadequate to represent the class.......11

      D.     The Court should not wait until the certification stage to address these issues.................................................................................14

IV. Conclusion .................................................................................15

010-8830-5307/5/AMERICAS

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adams v. Safe Home Sec. Inc.*,
   2019 U.S. Dist. LEXIS 126522 (N.D. Tex. July 30, 2019).................................11

*Amchem Prods. v. Windsor*,
   521 U.S.591 (1997)..............................................................................................13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2006)........................................................................................4, 11

*Bussey v. Macon Cty. Greyhound Park, Inc.*,
   562 F. App'x 782 (11th Cir. 2014) ......................................................................8

*Christian v. Generation Mortg. Co.*,
   2014 U.S. Dist. LEXIS 127767 (N.D. Ill. Sept. 12, 2014) ..................................4

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013).................................................................................................2

*Gen. Tel. Co. of the Sw. v. Falcon*,
   457 U.S. 147 (1982)........................................................................................3, 15

*Gene & Gene LLC v. BioPay LLC*,
   541 F.3d 318 (5th Cir. 2008) ...........................................................................5, 6

*John v. Nat'l Sec. Fire & Cas. Co.*,
   501 F.3d 443 (5th Cir. 2007) .........................................................................3, 15

*Kohen v. Pac. Inv. Mgmt. Co. LLC & PIMCO Funds*,
   571 F.3d 672 (7th Cir. 2009) ...................................................................9, 11, 14

*Lawson v. Life of the S. Ins. Co.*,
   286 F.R.D. 689 (M.D. Ga. 2012)..........................................................................3

*Licari Family Chiropractic v. eClinical Works, LLC*,
   2018 U.S. Dist. LEXIS 97101 (M.D. Fla. Feb. 16, 2018)....................................9

ii

*Little v. T-Mobile USA, Inc.*,
691 F.3d 1302 (11th Cir. 2012) ........................................................................10

*Messner v. Northshore Univ. HealthSystem*,
669 F.3d 802 (7th Cir. 2012) ...............................................................9, 11, 14

*Mohamed v. Am. Motor Co.*,
320 F.R.D. 301 (S.D. Fla. July 12, 2017) .......................................................10

*Monteferrante v. Williams–Sonoma, Inc.*,
241 F. Supp. 3d 264 (D. Mass. 2017) ................................................................8

*Moore v. Walter Coke, Inc.*,
2012 U.S. Dist. LEXIS 140207 (N.D. Ala. Sept. 28, 2012) ...............................3

*MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*,
755 F. Supp. 2d 1205 (M.D. Fla. 2010) .............................................................3

*Oshana v. Coca-Cola Co.*,
472 F.3d 506 (7th Cir. 2006) ..............................................................................8

*Powell v. YouFit Health Clubs LLC*,
2019 U.S. Dist. LEXIS 28843 (S.D. Fla. Feb. 22, 2019) ...................................7

*In re Ry. Indus. Emp. No-Poach Antitrust Litig.*,
2019 U.S. Dist. LEXIS 102906 (W.D. Pa. 2019)...............................................7

*Salcedo v. Hanna*,
2019 U.S. App. LEXIS 25967 (11th Cir. Aug. 28, 2019) .................................13

*Shamblin v. Obama for Am.*,
2015 U.S. Dist. LEXIS 54849 (M.D. Fla. Apr. 27, 2015)...................................7

*W. Morgan–E. Lawrence Water & Sewer Auth. v. 3M Co.*,
737 F. App'x 457 (11th Cir. 2018) (per curiam) ....................................12, 13, 14

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)............................................................................................5

*Walewski v. Zenimax Media, Inc.*,
502 F. App'x 857 (11th Cir. 2012) (per curiam) ................................................8

010-8830-5307/5/AMERICAS

*Wilson v. Badcock Home Furniture*,
329 F.R.D. 454 (M.D. Fla. 2018) ........................................................................7

**Statutes**

47 U.S.C. § 227(b)(1)(A) ........................................................................5

47 U.S.C. § 227(b)(1)(A)(iii) ...........................................................6, 12

47 U.S.C. § 227(b)(3)(B) ....................................................................9, 14

**Other Authorities**

Fed. R. Civ. P. 12 ..........................................................................1, 3, 12

Fed. R. Civ. P. 23 ..............................................................................*passim*

Fed. R. Civ. P. 26 ............................................................................4, 15

iv

Defendant Yodel Technologies, LLC ("Yodel") respectfully moves, pursuant to Rules 12(f), 23(c)(1)(A), and 23(d)(1)(D) of the Federal Rules of Civil Procedure, to strike Plaintiffs' class allegations because the class proposed in the Complaint cannot be certified, as a matter of law.

## I. Introduction

Plaintiffs allege that Yodel violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by placing non-emergency calls to their cellular telephone numbers for non-emergency purposes, using an automatic telephone dialing system and/or prerecorded or artificial voice messages, without their consent. Plaintiffs seek to certify a nationwide class based on these purported violations:

> All persons within the United States to whom: (a) Defendants and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using the same, or similar dialing system used to contact the Plaintiffs, or an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.[1]

On its face, the Complaint demonstrates that Plaintiffs cannot meet the class action certification requirements of Rule 23 of the Federal Rules of Civil Procedure.

First, Plaintiffs' proposed class does not account for individuals who validly consented to receive calls from Yodel. Individual issues of consent would therefore

---

[1] Complaint ¶ 69 (D.E. 1).

predominate over any issues common to the class. Moreover, the class would improperly include individuals who consented and therefore have no valid claims.

Second, the class is vague as to what constitutes "similar" equipment to what was used to call Plaintiffs.

Third, Plaintiffs and their counsel have demonstrated that they are inadequate to represent the proposed class by refusing to provide Yodel with the Plaintiffs' phone numbers. This has prevented Yodel from investigating and taking any necessary remedial action, and has exposed a conflict of interest between Plaintiffs and their counsel, who want to increase monetary damages, and absent class members, who want to avoid further calls.

## II. Legal Standard

"The class action is an 'exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). "To come within the exception, a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23." *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). A court should address whether to certify a proposed class "[a]t an early practicable time," and if the prerequisites of Rule 23 cannot be satisfied, it may "require that the pleadings be

amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(a)(1)(A), (d)(1)(D). Similarly, under Rule 12(f), a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

While in some instances discovery may be needed to aid in the determination of whether a class action is appropriate, "[s]ometimes the issues are plain enough from the pleadings" to determine that a case should not proceed as a class action. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *see also John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) ("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings."). In such instances, courts properly strike or dismiss class allegations. *See Moore v. Walter Coke, Inc.*, 2012 U.S. Dist. LEXIS 140207, at \*42–43 (N.D. Ala. Sept. 28, 2012) ("[T]he class allegations in the Amended Complaint must at least set the parameters of the proposed class; if not, the court may dismiss the class allegations on motion by the defendant."); *see also Lawson v. Life of the S. Ins. Co.*, 286 F.R.D. 689, 701 (M.D. Ga. 2012) (striking class allegations where pleadings did not indicate, and discovery would not prove, that a class action could be certified); *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207 (M.D. Fla. 2010) ("Where the

3

propriety of a class action procedure is plain from the initial pleadings, a district court may rule on the issue prior to the filing of a motion for class certification").

Indeed, allowing a facially uncertifiable class to proceed beyond the pleading stage can result in significant prejudice to a defendant. The pleadings, including allegations in the complaint, govern the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). In a TCPA case, the difference between an individual action and a nationwide action can require a defendant to respond to burdensome and expensive discovery regarding every call it made during the class period on the grounds that each call could potentially be a TCPA violation—even though the proposed class is facially uncertifiable under Rule 23. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs (internal quotation marks omitted)); *Christian v. Generation Mortg. Co.*, 2014 U.S. Dist. LEXIS 127767, at *29 (N.D. Ill. Sept. 12, 2014) (acknowledging the burden and expense imposed by discovery in class actions).

4

## III. Argument

**A.  The proposed class definition is overly broad and fails the commonality requirement because it does not account for persons who consented to be called.**

Plaintiffs' proposed class is facially uncertifiable because it does not make any effort to account for persons who consented to be called. *See* 47 U.S.C. § 227(b)(1)(A) (no TCPA violation for calls "made with the prior express consent of the called party"). Yet the single predominate issue in TCPA class actions is consent. *See, e.g.*, *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 327 (5th Cir. 2008) (reversing certification of TCPA class because "the predominant issue of fact [wa]s undoubtedly one of <u>individual</u> consent," which was not subject to common proof). The class therefore includes persons who do not have valid claims under the TCPA. As a result, the proposed class fails the commonality and predominance requirements of Rule 23, it is overly broad, and it should be stricken.

### 1.  Class members lack commonality because mere receipt of a call resolves nothing on a class-wide basis.

In order to certify a class action, the putative class members must be in a common factual or legal position on an issue critical to the outcome of the case. *See* Fed. R. Civ. P. 23(a)(2). Stated simply, the class members must be positioned to allow a merits issue to be resolved in favor or against the class "in one stroke." *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 350 (2011).

5

That common issue is lacking here. Under the TCPA, a call made with prior express consent is lawful. *See* 47 U.S.C. § 227(b)(1)(A)(iii). Thus, in TCPA cases, the central issue to be adjudicated is that of consent. *See Gene & Gene*, 541 F.3d at 237. Plaintiffs' class definition includes *everyone* who received a call from Yodel on behalf of Lyft.[2] Yet Plaintiffs assert no facts from which it can be plausibly inferred that *no other class member* receiving such calls consented to receive them. Indeed, Plaintiffs plead nothing about the source of the phone numbers called by Yodel at all. Plaintiffs instead ignore the issue of consent altogether.

Without addressing consent, however, there is no commonality "glue" holding class members together—that they all received calls says nothing about whether or not those calls violated the TCPA. Instead, the critical component of a TCPA claim—the absence of consent—is entirely unaddressed in the class definition. Indeed, *every* class member may have been subjected to perfectly legal phone calls—there are no allegations from which the Court could plausibly discern otherwise.

More to the point, however, Plaintiffs have failed to allege any facts demonstrating how the unaddressed issue of consent can be dealt with according to common proof. *See id.* Courts have consistently found that where individualized

---

[2] *See* Compl. ¶ 69.

consent inquiries are required, class treatment is inappropriate. *See, e.g.*, *Powell v. YouFit Health Clubs LLC*, 2019 U.S. Dist. LEXIS 28843, at *14–15 (S.D. Fla. Feb. 22, 2019) (denying reconsideration of denial of class certification where issues of consent would predominate); *Wilson v. Badcock Home Furniture*, 329 F.R.D. 454, 460 (M.D. Fla. 2018) ("Defendant would likely have a possible [consent] defense against many class members, the precise contours of which could vary substantially."); *Shamblin v. Obama for Am.*, 2015 U.S. Dist. LEXIS 54849, at *29 (M.D. Fla. Apr. 27, 2015) ("Individualized inquiries into consent (including where, how, and when) will predominate.").

While Plaintiffs will undoubtedly ask the Court to forgive their pleading deficiency and permit discovery, that is not the proper procedure:

> [P]laintiffs have the burden to allege sufficient facts in the consolidated class action complaint to make a prima facie showing that the requirements of Rule 23 are satisfied or that at least discovery is likely to produce substantiation of the class allegations.

*In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 2019 U.S. Dist. LEXIS 102906, at *79 (W.D. Pa. 2019). Here, because Plaintiffs have not properly pleaded a certifiable class, they are not entitled to discovery on that class, which would amount to nothing more than a fishing expedition.

Based on Plaintiffs' allegations in the Complaint, there is no plausible basis to conclude that the issue of consent would be subject to generalized proof across the class. Accordingly, the class allegations should be stricken.

2.    **The Court should strike the putative class because it is facially overbroad.**

An overly broad proposed class is properly stricken. *See, e.g.*, *Bussey v. Macon Cty. Greyhound Park, Inc.*, 562 F. App'x 782, 788 (11th Cir. 2014) ("The problem is that the district court's class definition is not restricted to individuals who suffered session-level losses."); *Walewski v. Zenimax Media, Inc.*, 502 F. App'x 857, 861 (11th Cir. 2012) (per curiam) (affirming denial of class certification where proposed class definition "impermissibl[e] include[d] members who ha[d] no cause of action as a matter of law"); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (affirming denial of class certification where proposed class definition "could include millions who were not deceived and thus have no grievance"); *Monteferrante v. Williams–Sonoma, Inc.*, 241 F. Supp. 3d 264, 269 (D. Mass. 2017) ("a court may strike class allegations that plainly encompass individuals whose claims are barred . . . .").

Indeed, allowing an overly broad class to proceed past the pleadings stage creates an inherent unfairness to the defendant in view of the "*in terrorem* character

of a class action." *Kohen v. Pac. Inv. Mgmt. Co. LLC & PIMCO Funds*, 571 F.3d

672, 678 (7th Cir. 2009).

> Even if a class's claim is weak, the sheer number of class members and
> the potential payout that could be required if all members prove liability
> might force a defendant to settle a meritless claim in order to avoid
> breaking the company. While that prospect is often feared with large
> classes, the effect can be magnified unfairly if it results from a class
> defined so broadly as to include many members who could not bring a
> valid claim even under the best of circumstances.

*Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012)

(internal citation omitted). This is particularly true in TCPA actions, where the

statute provides for a minimum of $500 in statutory damages per violation. *See* 47

U.S.C. § 227(b)(3)(B).

Here, Plaintiffs' proposed class is overbroad because it includes individuals

who validly consented to receive calls from Yodel. Allowing this action to proceed

with the proposed class definition framed by the Complaint would work an inherent

unfairness against Yodel, which will be required to undertake the burden and

expense of defending against a putative class that contains members who have no

conceivable claim. This alone is enough to strike Plaintiffs' proposed class. *See, e.g.*,

*Licari Family Chiropractic v. eClinical Works, LLC*, 2018 U.S. Dist. LEXIS 97101,

at *9–10 (M.D. Fla. Feb. 16, 2018) (denying class certification in TCPA action

where proposed class did not exclude individuals who solicited the fax in question

and thus had no claim); *Mohamed v. Am. Motor Co.*, 320 F.R.D. 301, 306 (S.D. Fla. July 12, 2017) (narrowing overbroad proposed class definition). Because this defect appears on the face of the Complaint, the Court enjoys the power to, and should, strike the class allegations.

## B.   The proposed class is unascertainable because it vaguely refers to "similar" equipment without definition.

Plaintiffs' proposed class definition also suffers from vagueness that renders the proposed class unascertainable. *See Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (proposed class must be "adequately defined and clearly ascertainable" (internal quotation marks omitted)). Plaintiffs have alleged that Yodel uses a "predictive dialer" to make calls for Lyft and that such a system is an automatic telephone dialing system ("ATDS" or "autodialer") under the TCPA.[3] But their class is not limited to persons who were called using that same system, but would extend to persons called using a "similar dialing system."[4]

The Complaint does not explain, however, what would qualify a device as a "similar dialing system." In theory, this could extend to dialing systems that share minimal characteristics with the system allegedly used to contact Plaintiffs, but that are not autodialers as a matter of law. Indeed, merely being a predictive dialer is

---

[3] Compl. ¶ 32–36.
[4] Compl. ¶ 69.

10

insufficient to render a device an ATDS under the TCPA. *See, e.g.*, *Adams v. Safe Home Sec. Inc.*, 2019 U.S. Dist. LEXIS 126522, at *10 (N.D. Tex. July 30, 2019) ("Accordingly, § 227 does not prohibit the use of predictive dialers as they fall outside the definition of an ATDS."). Yet if Plaintiffs are allowed to proceed with their vague proposed class, the door would be open to discovery into all of Yodel's systems, regardless of whether they qualify as ATDS, and the *in terrorem* effect that accompanies overbroad claims in the class action context. *See Twombly*, 550 U.S. at 558–59 (emphasizing the expense and burden of discovery in class actions); *see also Kohen*, 571 F.3d at 678; *Messner*, 669 F.3d at 825. The Court should not allow Plaintiffs to proceed past the pleadings stage with their vague proposed class definition.

## C.    Plaintiffs and their counsel are inadequate to represent the class.

Plaintiffs and their counsel have demonstrated that they are inadequate to represent the proposed class by refusing to provide Yodel with Plaintiffs' phone numbers. When they filed their Complaint, Plaintiffs omitted the last four digits of the phone numbers—presumably for privacy concerns.[5] Since then, Plaintiffs have

---

[5] *See* Compl. ¶¶ 38 ("Mr. Person's telephone number, (404) 338-XXXX, is registered to a cellular telephone service."), 49 ("Mr. Hossfeld's telephone number, (254) 681-XXXX, is registered to a cellular telephone service.").

refused to tell Yodel what their phone numbers are unless Yodel would agree to provide them with free discovery.[6]

To state a TCPA claim, Plaintiffs must allege, *inter alia*, that Yodel made a call without Plaintiffs' prior express consent to a "telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). As it stands, Plaintiffs have not made that allegation, which justifies dismissal under Rule 12(b)(6).[7] In addition to precluding Plaintiffs' individual claims, the continued refusal by Plaintiffs' counsel to provide Yodel with the full numbers also justifies striking the class allegations because it demonstrates that the putative class does not have the fair and adequate representation required by Rule 23(a)(4) and (g)(4).

"'Class actions are rife with potential conflicts of interests between class counsel and class members.'" *W. Morgan–E. Lawrence Water & Sewer Auth. v. 3M Co.*, 737 F. App'x 457, 464 (11th Cir. 2018) (per curiam) (brackets omitted) (quoting *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 785 (7th Cir. 2004)). To "ensur[e] the rights of absent class members are vigorously protected," a "class action may only be maintained if class counsel 'fairly and adequately represents the interests of the

---

[6] *See* Ex. 1, Emails between Eric J. Troutman and Keith J. Keogh (June 28 through July 13, 2019).

[7] *See* Yodel's Motion to Dismiss, filed contemporaneously with this motion.

12

class.'" *Id.* (quoting Fed. R. Civ. P. 23(g)(4)). The adequacy requirement applies to both the putative class representative and their counsel. *See Amchem Prods. v. Windsor*, 521 U.S.591, 626 n.20 (1997) ("The adequacy heading also factors in competency and conflicts of class counsel."). The adequacy "requirement . . . is not satisfied where class counsel represents parties whose interests are fundamentally conflicted." *W. Morgan*, 737 F. App'x at 464.

Here, the named Plaintiffs have demonstrated that they have a conflict of interest with absent class members that prevents them from proceeding with a class action. By refusing to provide their phone numbers, Plaintiffs have made it impossible for Yodel to undertake an investigation to determine whether it in fact called any putative class members without their consent, and to implement any necessary remedial action. If remedial action is needed, Plaintiffs' refusal to allow it may cause (or have already caused) unnecessary harm to class members who have been called in the interim. *See Salcedo v. Hanna*, — F.3d —, 2019 U.S. App. LEXIS 25967, at *18–20 (11th Cir. Aug. 28, 2019) (identifying potential concrete harm from having dinner interrupted by a phone call or wasting more than about five seconds on a call).

At the very least, Plaintiffs' refusal to permit Yodel to investigate their allegations creates a risk of harm to the absent class members, or possibly even the

13

addition of persons to the class who would not otherwise have had a claim. But on the other hand, Plaintiffs and their counsel stand to benefit from increased statutory damages, *see* 47 U.S.C. § 227(b)(3)(B) (statutory damages of at least $500 per violation), and the attendant increase in their settlement leverage, *see Kohen*, 571 F.3d at 678; *Messner*, 669 F.3d at 825. This exposes a conflict of interest between the named Plaintiffs and their counsel, on the one hand, whose interests are in running up damages, and the absent class members, on the other, whose interests are in ending any allegedly unlawful calls. The Court should thus strike Plaintiffs' class allegations. *See W. Morgan–E. Lawrence*, 737 F. App'x 464 (class could not be certified where some class members had an interest in injunctive relief, while others had an interest in monetary damages).

**D. The Court should not wait until the certification stage to address these issues.**

Plaintiffs will undoubtedly ask the Court to overlook the flaws in their proposed class and allow them to leverage the cumbersome machinery of class discovery without giving Yodel a look at the class they intend to represent. That would be powerfully unfair and does not comport with how class actions should work. Yodel has raised valid challenges to the class definition proposed in the Complaint. There is no reason to allow the case to proceed to certification briefing

when it is apparent at the outset that the proposed definition cannot be certified. *See* Fed. R. Civ. P. 23(c)(1)(A); *Falcon*, 457 U.S. at 160; *John*, 501 F.3d at 445.

Yodel will otherwise be forced to engage in extensive and burdensome discovery and litigation only for class certification to be inevitably denied. The pleadings, including allegations in the complaint, govern the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). If Plaintiffs cannot properly pursue claims on behalf of a class, then requiring Yodel to provide discovery regarding calls to persons other than the Plaintiffs would be disproportional to the needs of the case. In the meantime, judicial resources will be spent resolving issues that will ultimately become moot. Yet that is the result that would follow if Plaintiffs are allowed to pursue their improper class definition beyond the pleadings stage. These inefficiencies can be avoided by striking Plaintiffs' class allegations that could not lead to certification of a class.

## IV. Conclusion

Because the class proposed by Plaintiffs cannot be certified based on their own allegations, Yodel respectfully requests that the Court exercise its discretion to strike Plaintiffs' class allegations from the Complaint.

Dated: September 13, 2019        Respectfully submitted,

*/s/ Keshia W. Lipscomb*
Eric J. Troutman (*pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone: (213) 624-2500
Facsimile: (213) 623-4581
eric.troutman@squirepb.com

Brian M. Gillett (*pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
2000 McKinney Avenue, Suite 1700
Dallas, TX 95201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550
brian.gillett@squirepb.com

Keshia W. Lipscomb
Georgia Bar No. 802169
SQUIRE PATTON BOGGS (US) LLP
1230 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309
Telephone: (678) 272-3200
Facsimile: (678) 272-3211
keshia.lipscomb@squirepb.com

*Attorneys for Defendant Yodel*
*Technologies, LLC*

16

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I certify that the foregoing brief is a computer-generated document, prepared in Times New Roman, 14-point font, and in accordance with Local Rule 5.1.

*/s/ Keshia W. Lipscomb*
Keshia W. Lipscomb

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 13, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record.

*/s/ Keshia W. Lipscomb*
Keshia W. Lipscomb

18