# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ELCINDA PERSON and ROBERT HOSSFELD, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LYFT, INC., and YODEL TECHNOLOGIES, LLC,<br><br>    Defendants. | Civil Action No. 1:19-cv-02914-TWT |

## DEFENDANT YODEL TECHNOLOGIES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY

Defendant Yodel Technologies, Inc. ("Yodel"), by and through counsel, respectfully submits this Memorandum of Law in Support of its Motion to Stay Discovery pending resolution of Yodel's Motions to Dismiss (Dkt. 25, 26, 27), showing the Court as follows:

### I. INTRODUCTION

Plaintiffs Elcinda Person and Robert Hossfeld (collectively, "Plaintiffs") filed their Complaint on June 25, 2019, asserting a single cause of action for violation of the Telephone Consumer Protection Act ("TCPA"), individually and on behalf of a

putative nationwide class.[1] In response, Yodel filed, *inter alia*, three dispositive motions, identifying the fatal defects in Plaintiffs' Complaint: (1) a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted;[2] (2) a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction;[3] and (3) a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[4]

The Court should stay all discovery in this proceeding because Yodel has filed these Motions to Dismiss, the resolution of which could fully dispose of Plaintiffs' claims. While Plaintiffs oppose Yodel's request for a stay, Defendant Lyft, Inc. ("Lyft") agrees that a stay is appropriate. Moreover, Lyft moved on September 25, 2019, to extend its own answer deadline while it investigates whether the claims of one or both plaintiffs are subject to binding arbitration.[5] Lyft was unable to conduct this investigation previously because Plaintiffs had refused to disclose their phone numbers—even though that is a prima facie element of their claims. *See* 47 U.S.C. 227(b)(1)(A)(iii); *Strand v. Corinthian Colls., Inc.*, 2014 U.S. Dist. LEXIS 52963,

---

[1] D.E. 1.
[2] D.E. 25.
[3] D.E. 26.
[4] D.E. 27.
[5] D.E. 37 ¶ 7.

at *9 (W.D. Mich. Apr. 17, 2014). Though disagreeing that the absence of complete telephone numbers precluded Lyft from responding to the Complaint, Plaintiffs acknowledge that Lyft has had Plaintiffs' phone numbers since September 11, 2019.[6] Still, neither Plaintiffs nor Lyft has disclosed those phone numbers to Yodel.

It is within the Court's discretion to temporarily stay discovery where, as in this case, pending dispositive motions may eliminate the need for discovery altogether. In fact, this Court's Local Rules provide for a stay of discovery until after the Court rules on motions to dismiss and the parties submit answers. *See* LR 26.2(A), NDGa. ("The discovery period shall commence thirty days after the appearance of the first defendant ***by answer*** to the complaint, unless the parties mutually consent to begin earlier." (emphasis added)). Rather than file an answer, Yodel has filed motions, and by all appearances, Lyft will file a motion as well.

Further, good cause exists to stay discovery given that Plaintiffs will suffer no harm or prejudice from a stay pending the outcome of Yodel's motions and that Yodel, on the other hand, would face significant burden in incurring potentially needless time, expense, and effort in discovery that may very well prove moot or unnecessary pending the Court's rulings. Plaintiffs have no urgent need for

---

[6] D.E. 38.

discovery while Yodel's dispositive motions remain pending: this case is at a nascent stage where no answer has been filed, and no discovery has been taken or exchanged.

To secure the "just, speedy, and inexpensive determination" of this case, Fed. R. Civ. P. 1, and to protect the parties from the significant burden and expense of discovery in a potentially moot action, Yodel respectfully submits that the Court stay all discovery in this action, including pre-trial deadlines, entry of a scheduling order, and all other federal and local rule disclosure and conference requirements, pending the Court's disposition of Yodel's Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).

## II. ARGUMENT AND CITATION TO AUTHORITY

**A.   Legal Standard**

It is within the inherent power of this Court to manage the discovery process. Ordinarily, discovery may commence after the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d). Courts, however, have the authority to alter the timing and sequence of discovery. *Id.* In particular, the "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Hand v. LaSalle Bank, N.A.*, 2013 U.S. Dist. LEXIS 201387, at *2 (S.D. Ga. Feb. 13, 2013) (citation and internal quotation marks omitted); *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th

4

Cir. 1990). Federal Rule of Civil Procedure 26(c) therefore permits a court to stay discovery if the party seeking the stay shows "good cause."

In deciding whether to stay discovery pending resolution of a motion, "the Court should . . . balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Hand*, 2013 U.S. Dist. LEXIS 201387, at *2 (citation omitted). Taken together, these factors—particularly the strength of Yodel's dispositive motions, the lack of any prejudice to Plaintiffs, and the significant discovery burden on Yodel as a defendant in a TCPA class action—weigh strongly in favor of a stay of discovery in this case.

**B.     The Pending Motions to Dismiss May Dispose of All Claims.**

Courts in the Eleventh Circuit "routinely find good cause to stay discovery where there is a pending motion to dismiss." *Diaz v. Atkinson Cty., Ga.*, 2015 U.S. Dist. LEXIS 96961, at *4 (S.D. Ga. July 24, 2015); *Nam v. U.S. Xpress, Inc.*, 2011 U.S. Dist. LEXIS 31486, at *4 (N.D. Ga. Mar. 25, 2011) (staying discovery pending resolution of motions to dismiss, remand, and transfer venue); *Wedemeyer v. Pneudraulics, Inc.*, 2011 U.S. Dist. LEXIS 116725, at *6 (S.D. Ga. Sept. 15, 2011), *aff'd*, 510 F. App'x 875 (11th Cir. 2013) (staying discovery pending resolution of motion to dismiss). Indeed, the Eleventh Circuit encourages the district courts to

5

stay discovery in such cases because "[a]llowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).

Here, the Court has not one, but three, dispositive motions to consider that could entirely, or at least substantially, dispose of Plaintiffs' claims:

### 1.     12(b)(6) Motion to Dismiss

As explained in greater detail in Yodel's Rule 12(b)(6) Motion to Dismiss (Dkt. 25), Plaintiffs' TCPA claims must be dismissed for failure to state a claim both because: (1) Plaintiffs fail to plead facts demonstrating that Yodel used an "automatic telephone dialing system," or "ATDS," to place calls to them, *see Sessions v. Barclays Bank Delaware*, 317 F. Supp. 3d 1208, 1214 (N.D. Ga. 2018) (defining an ATDS to require the capacity to use a "random or sequential number generator"); and (2) the provision of the TCPA on which Plaintiffs rely, 47 U.S.C. § 227(b)(1)(A)(iii), is unconstitutional as applied to Yodel's dialing technology. These basic pleading deficiencies, which cannot be cured by amendment, render

Plaintiffs' TCPA claims implausible and legally deficient and warrant dismissal of the Complaint in its entirety with prejudice.

### 2. 12(b)(1) Motion to Dismiss

In addition, Plaintiffs' Complaint is also subject to dismissal pursuant to Rule 12(b) (1) for lack of subject matter jurisdiction.[7] In particular, Plaintiffs have failed to allege any concrete injury or real harm stemming from the alleged phone calls at issue and thus cannot establish the Article III standing necessary to bring their claims under the TCPA. Plaintiffs cannot sustain claims under the TCPA where the Complaint is entirely devoid of *any* allegations indicating how such calls may have disrupted or intruded upon their and the putative class members' privacy. *See Salcedo v. Hanna*, — F.3d —, 2019 U.S. App. LEXIS 25967 (11th Cir. Aug. 28, 2019). Plaintiffs' failure to allege any "concrete harm" is therefore a separate and independent reason to dismiss the Complaint.

### 3. 12(b)(2) Motion to Dismiss

In addition to seeking dismissal of Plaintiffs' individual claims and the claims of all class members, Yodel also specifically seeks dismissal of the claims of class members who reside outside of Georgia due to a lack of personal jurisdiction.[8] First,

---

[7] D.E. 26.
[8] D.E. 27.

as a limited liability company registered in Delaware with its headquarters in Florida, the Court lacks general jurisdiction over Yodel, which is not "at home" in Georgia. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Second, under the Supreme Court's holding in *Bristol-Myers Squibb Co.*, the Court lacks specific jurisdiction over Yodel with respect to the non-Georgia class members' claims—including Plaintiff Robert Hossfeld, who resides in Texas. *See Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773 (2017).[9] Plaintiffs do not allege or provide any evidence that any of Yodel's alleged calls to the non-Georgia class members have any connection with the State of Georgia, nor do they allege that Yodel placed such calls using equipment located in Georgia. As the Supreme Court held, there must be "a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb*, 137 S. Ct. at 1781. The mere fact that the non-Georgia class members assert similar claims arising out of a similar set of facts to those of the Georgia class members does not justify overriding Yodel's constitutional due process rights. Because there is no connection between the State of Georgia and the claims of the non-Georgia class members, the Court lacks specific jurisdiction over Yodel with respect to those claims, and those claims must be dismissed.

---

[9] *See* D.E. 1 ¶ 7.

As shown above, the strength of Yodel's Motions to Dismiss pursuant to Rule 12(b)(6), 12(b)(1), and 12(b)(2), and the potential for dismissal of all or a significant portion of Plaintiffs' claims, weigh heavily in favor of granting a stay. The Court's ruling on Yodel's motions will necessarily guide the parties as to any relevant issues that warrant discovery. Accordingly, because these pending dispositive motions may obviate, or at least greatly condense, the need for discovery, the Court should stay all discovery in this action.

### C.    Considerations of Prejudice Weigh in Favor of Staying Discovery.

Granting this Motion to Stay will not prejudice Plaintiffs or disrupt the Court's schedule. Because the Local Rules provide that discovery does not start until an answer is filed, no discovery has been served, and no scheduling order has been established by the Court. Therefore, at most, this requested relief would stay only the initial pre-trial deadlines, such as initial disclosures, Rule 26(f) conference, and the Joint Preliminary Report and Discovery Plan.

Under these circumstances, this Court should not require Yodel to participate in discovery concerning the substance of Plaintiffs' Complaint pending its decisions on the dispositive Motions to Dismiss. This is particularly true in a putative class action under the TCPA. The burden on a class action defendant in responding to discovery is undoubtedly enormous. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

9

558–59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment state," will protect defendants from incurring enormous discovery costs). That burden is only compounded in TCPA class actions, where the defendant can be required to respond to burdensome and expensive discovery regarding every call it made during the class period because it may be a potential TCPA violation. Because of this burden, the Court should stay discovery until it is determined which claims and parties are properly before the Court.

Here, not only are Plaintiffs' individual claims in question for failure to state a claim and lack of subject matter jurisdiction, but Yodel has also separately outlined grounds for dismissal of all non-Georgia class members for lack of personal jurisdiction. Thus, the scope of relevancy in discovery is far from clear.

Certainly, it makes little sense for the parties to engage in time-consuming and expensive—yet potentially unnecessary—discovery when the ruling on any one of Yodel's motions could render those efforts a nullity. Put differently, to allow discovery in this case to go forward and then have all or part of Yodel's Motions to Dismiss granted would cause exactly the sort of waste that the Eleventh Circuit has advised courts to avoid. *See Chudasama*, 123 F.3d at 1368. Indeed, it would be a waste of the Court's and the parties' time and resources to conduct discovery

10

regarding claims that the Court may dismiss or narrow as a result of the pending Motions to Dismiss.

Yodel's request for a stay is reasonable and appropriate under the circumstances, and granting this request will not cause any prejudice to Plaintiffs. Quite the contrary, proceeding with discovery now would prejudice Yodel, compelling Yodel to engage in discovery of issues that may be deemed completely irrelevant pending the Court's resolution of its Motions to Dismiss.

### III. CONCLUSION

For the reasons set forth above, Yodel respectfully requests that the Court grant its Motion to Stay Discovery and enter an Order staying all discovery, including pre-trial deadlines, entry of a scheduling order, and all other federal and local rule disclosure and conference requirements, pending resolution of Yodel's Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).

Respectfully submitted this 26th day of September, 2019.

> */s/ Keshia W. Lipscomb*
> Petrina A. McDaniel
> Georgia Bar No. 141301
> Keshia W. Lipscomb
> Georgia Bar No. 802169
> Squire Patton Boggs (US) LLP
> 1230 Peachtree Street NE, Suite 1700
> Atlanta, GA 30309
> Telephone: (678) 272-3200
> Facsimile: (678) 272-3211
> petrina.mcdaniel@squirepb.com
> keshia.lipscomb@squirepb.com
>
> Eric J. Troutman (*pro hac vice*)
> SQUIRE PATTON BOGGS (US) LLP
> 555 South Flower Street, 31st Floor
> Los Angeles, CA 90071
> Telephone: (213) 624-2500
> Facsimile: (213) 623-4581
> eric.troutman@squirepb.com
>
> Brian M. Gillett (*pro hac vice*)
> SQUIRE PATTON BOGGS (US) LLP
> 2000 McKinney Avenue, Suite 1700
> Dallas, TX 95201
> Telephone: (214) 758-1500
> Facsimile: (214) 758-1550
> brian.gillett@squirepb.com
>
> *Attorneys for Defendant Yodel Technologies, LLC*

12

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I certify that the foregoing brief is a computer-generated document, prepared in Times New Roman, 14-point font, and in accordance with Local Rule 5.1.

*/s/ Keshia W. Lipscomb*
Keshia W. Lipscomb

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record.

*/s/ Keshia W. Lipscomb*
Keshia W. Lipscomb
